# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| WRIGHT FOODS GROUP, LLC,<br><br>        Plaintiff,<br><br> v.<br><br>DAVID CLARK and ALBERT L. MCAULAY, III,<br><br>        Defendants. | Index No.: 5:17-CV-504-FL<br><br>**STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

   This matter having come before the Court by stipulation of Plaintiff, Wright Foods Group, LLC ("Plaintiff"), and Defendants, David Clark and Albert L. McAulay, III ("Defendants"), (each, a "Party" and, collectively, the "Parties") for the entry of a protective order pursuant to FRCP 26(c), limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by any Party and their respective counsel or by any nonparty in the course of discovery in this matter to the extent set forth below; and the Parties, by, between, and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

   IT IS hereby ORDERED that:

   1. This Stipulation is being entered into to facilitate the production, exchange, and discovery of documents and information that the Parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony").  This action involves participants and/or competitors in the highly competitive packaging industry, patented and proprietary technologies, and highly sensitive financial information and business plans.  As such, the Parties anticipate that confidential documents and information relating to, *inter alia*, business plans, financial

1

information, trade secrets, and proprietary technology will be exchanged in the course of discovery.

2. Any Party may designate Documents produced, or Testimony given, in connection with this action as "confidential," either by notation on the document, statement on the record of the deposition, or by written advice to the respective undersigned counsel for the Parties hereto.

3. As used herein:

   a. "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents, Testimony, or other information contains trade secrets, proprietary information, competitively sensitive information, confidential research, development, or commercial information, or other information the disclosure of which would, in the good-faith judgment of the Party designating the material as ,confidential, be detrimental to the conduct of that Party's business or the business of any of that Party's customers or clients, or in the case of the Defendants, who are individuals, detrimental to them in their individual or business activities.

   b. "Producing Party" shall mean a Party to this action and/or any nonparty producing Confidential Information in connection with depositions, document production or otherwise, or the Party asserting the confidentiality of Documents, Testimony, or other information as the case may be.

   c. "Receiving Party" shall mean a Party to this action and/or any nonparty receiving Confidential Information in connection with this action.

4. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such document or material, the Receiving Party may move before the Court for an order declassifying those documents or materials. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

5. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

    a. The individual Defendants or personnel of the Plaintiff actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

    b. counsel for the Parties and their associated attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

    c. expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown, or disclosed in accordance with paragraph 8 hereof;

    d. the Court and court personnel;

e. an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer, if furnished, shown, or disclosed in accordance with paragraph 10 hereof;

f. trial and deposition witnesses, if furnished, shown, or disclosed in accordance with paragraphs 10 hereof; and

g. any other person(s) agreed to by the Parties.

6. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

7. If any person, including a Party, in possession of Documents or Testimony designated Confidential Information receives a subpoena seeking production or other disclosure of the confidential materials, such person shall promptly give written notice to counsel for the person who designated the materials "Confidential," stating that confidential material is sought and enclosing a copy of the subpoena. In no event shall production or disclosure be made before notice is given.

8. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving Party who wishes to disclose the Confidential Information shall obtain the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by the terms of this Stipulation.

9. All deposition transcripts and exhibits shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of such fifteen-day period, any Party may notify all counsel in writing of those portions of the Testimony that are to be designated as Confidential Information.

If no such designation is made within the fifteen-day period, the Testimony will not be classified as Confidential Information.

10. This Stipulation shall not preclude counsel for the Parties from using during any deposition in this action any documents or information which have been designated as Confidential Information under the terms hereof. Any deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute Exhibit A. The requirement that a witness execute Exhibit A before receiving access to Confidential Information shall not apply where the witness is an employee, agent, or designee of the Producing Party. Counsel for the Party obtaining the executed copy of Exhibit A shall supply a copy to counsel for the other Party or Parties upon request by that Party or Parties.

11. This Stipulation does not preclude counsel for the Parties from using any documents or information which have been designated Confidential under the terms hereof in court filings (*i.e.*, Motions, Responses to Motions, Memoranda). The Producing Party designating the documents or information as Confidential shall bear the burden of seeking appropriate Court protections as may be available (for example, seeking to have a specific filing or portion thereof placed under seal) so as to prevent the public disclosure of Confidential Information. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such

material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

12. A Party seeking to file a Producing Party's Confidential Information shall comply with the procedures for doing so set forth in Local Rule 79.2 and section V G(1)(e) of the Electronic Case Filing Administrative Policies and Procedures Manual of the Eastern District of North Carolina. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

13. A Party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any nonparty to this case, or any portion thereof. In the case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting confidentiality. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

14. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

15. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 12 of this Stipulation, may be so designated by the Party asserting

confidentiality by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

16.     Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

17.     The production or disclosure of Confidential Information shall in no way constitute a waiver of each Party's right to object to the production or disclosure of other information in this action or in any other action.

18.     The Parties agree to adhere to the following procedures with regard to the inadvertent production of privileged or protected material:

   a.     Inadvertent production of paper documents or electronically stored information subject to protection by the attorney-client privilege, by the work-product doctrine, or by another legal privilege protecting information from discovery shall not constitute a waiver of any privilege or other protection, either as to the disclosed material itself or its subject matter, provided that the Producing Party notifies the Receiving Party, in writing, of the inadvertent production.

   b.     If the Producing Party notifies the Receiving Party that privileged materials have been submitted, the inadvertently produced materials, all copies of those materials, and all notes or other work product reflecting the contents of these materials shall be destroyed.

   c.     The inadvertently produced materials shall be deleted from the Receiving Party's litigation-support or other database. The Receiving Party may make no use of these documents or the information therein during any subsequent motions, depositions, or at trial.

d. The contents of the inadvertently produced materials shall not be disclosed to anyone who was not provided with access to them before the request to return or destroy them was made.

19. This Stipulation does not constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege or the work product doctrine. Nor is this Stipulation intended to limit in any way any Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in this Stipulation.

20. This Stipulation is entered into without prejudice to the right of any Party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

21. This Stipulation shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation. The provisions of this Stipulation shall, absent prior written consent of all Parties, continue to be binding after the conclusion of this action.

22. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

23. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all

reproductions thereof, shall be returned to the Producing Party or shall be destroyed. In the event that any Party chooses to destroy physical objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters.

24. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

25. The Parties agree that this Stipulation shall be effective immediately upon its execution by all Parties, and agree to operate under its terms prior to its entry as an Order of the Court.

SO ORDERED, this 1st day of March, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge

Dated:  March 1, 2018

By: /s/ Gilbert C. Laite III
    Gilbert C. Laite III
    N.C. State Bar No. 12460
    Williams Mullen
    P.O. Box 1000
    Raleigh, NC 27602-1000
    Telephone:  (919) 981-4046
    Facsimile:  (919) 981-4300
    E-mail:  glaite@williamsmullen.com

*Attorneys for Defendants David Clark and Albert L. McAulay, III*

By: /s/ Jonathan M. Herman
    Jonathan M. Herman
    Elizabeth Baksh
    Kaleb McNeely
    DORSEY & WHITNEY LLP
    51 West 52nd Street
    New York, New York 10019
    Telephone:  (212) 415-9200
    Facsimile:  (212) 953-7201
    E-mail:  herman.jonathan@dorsey.com
            baksh.elizabeth@dorsey.com
            mcneely.kaleb@dorsey.com

    Alex J. Hagan
    N.C. Bar No. 19037
    Ellis & Winters LLP
    P.O. Box 33550
    Raleigh, NC  27636
    Telephone: (919) 865-7000
    Facsimile: (919) 865-7010
    E-mail:  alex.hagan@elliswinters.com

    Joseph D. Hammond
    N.C. Bar No. 45657
    Ellis & Winters LLP
    Post Office Box 2752
    Greensboro, North Carolina 27402
    Telephone: (336) 217-4193
    Facsimile:  (336) 217-4198
    E-mail:  joe.hammond@elliswinters.com

*Attorneys for Plaintiff Wright Foods Group, LLC*

# **EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION**

| | |
|---|---|
| WRIGHT FOODS GROUP, LLC,<br><br>                        Plaintiff,<br><br>   v.<br><br>DAVID CLARK and ALBERT L. MCAULAY, III,<br><br>                       Defendants. | Index No.: 5:17-CV-504-FL<br><br>**AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION** |

      I, _____, state that:

      1.      My address is _____.

      2.      My present employer is _____.

      3.      My present occupation or job description is _____

_____.

      4.      I have received a copy of the Stipulation for the Production and Exchange of Confidential Information (the "Stipulation") entered in the above entitled action on _____.

      5.      I have carefully read and understand the provisions of the Stipulation.

      6.      I will comply with all the provisions of the Stipulation

      7.      I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation in this action.


Signed: _____

Dated: _____